**Rule 103.  PROCEDURE FOR ADOPTION, FILING AND PUBLISHING RULES**

(a)     Notice of proposed rulemaking.

(1)     Except as provided in subdivision **(a)**(3), the initial recommendation of a proposed **[Rule] rule[,]** or proposed **[Rule]** amendment**,** **[(]**including the explanatory note that is to accompany the **[Rule] rule,[)]** shall be distributed by the proposing Rules Committee to the **[Pennsylvania Bulletin]** *Pennsylvania Bulletin* for publication therein.  The publication notification shall contain a statement to the effect that comments regarding the proposed **[Rule] rule or amendment** are invited and should be sent directly to the proposing Rules Committee within a specified period of time.

(2)     Written comments, suggestions or objections relating to the proposed **[Rule] rule or amendment** shall be sent directly to the proposing Rules Committee within a specified number of days after the **[Rules']** publication **of the rule or amendment** in the **[Pennsylvania Bulletin]** *Pennsylvania Bulletin*, and any such commentary shall be reviewed by the said Committee prior to action on the proposal by the Supreme Court.  Any further proposals which are based upon the commentary so received need not be, but may be, published in the manner prescribed **[herein]** **in subdivision (a)(1)**.

(3)     A proposed rule **or amendment** may be promulgated even though it has not been previously distributed and published in the manner required by subdivisions **(a)**(1) and **(a)**(2), where exigent circumstances require the immediate adoption of the proposal; or where the proposed amendment is of a typographical or perfunctory nature; or where in the discretion of the Supreme Court such action is otherwise required in the interests of justice or efficient administration.

(b)     Rules adopted by **the** Supreme Court.

(1)     Rules adopted by the Supreme Court shall be filed in the office of the Prothonotary of the Supreme Court **[and in the Administrative Office]**.

(2)     After an order adopting a rule **or amendment** has been filed with the Prothonotary of the Supreme Court, the Prothonotary shall forward a certified copy of the order and rule **or amendment** to:

(i)     The publisher of the official version of Supreme Court decisions and opinions who shall cause it to be printed in the first available volume of the State Reports.

(ii)     The prothonotaries or clerks of all courts, which may be affected thereby, and thereupon the order and rule **or amendment** shall be published by such prothonotaries or clerks in the same manner as local rules adopted by such courts.

(iii)    The Legislative Reference Bureau for publication in the **[Pennsylvania Bulletin]** *Pennsylvania Bulletin*.

(iv)     The Administrative Office.

(c)     Rules **of judicial administration** adopted by other courts and by agencies of the System.

(1)     As used in this subdivision, "**local** rule" shall include every rule, administrative order, regulation, directive, policy, custom, usage, form, or order of general application, however labeled or promulgated, which is adopted or enforced by a court, council, committee, board, commission or other agency of the unified judicial system to govern **judicial administration [practice or procedure but shall not include a rule of civil, domestic relations, criminal, or juvenile procedure]**.  **This subdivision shall also apply to any amendment of a local rule.**

(2)     **Local [R]r**ules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.

(3)     When **a local** rule under this subdivision corresponds to a **[statewide] general** rule, the **local** rule shall be given a number that is keyed to the number of the **[statewide] general** rule.

(4)     **Reserved.**

**[(4)](5)**     All **local** rules shall be published in the **[Pennsylvania Bulletin]** *Pennsylvania Bulletin* to be effective and enforceable.

(i)     **Reserved.**

**[(i)](ii)** The adopting court or agency shall distribute two **[certified]** paper copies of the **local** rule **to the Legislative Reference Bureau for publication in the *Pennsylvania Bulletin*.  The adopting court or agency also shall distribute to the Legislative Reference Bureau [and]** a copy of the **local** rule on a computer diskette, **[or on a]** CD-ROM, **or other agreed upon alternate format** that complies with the requirements of 1 Pa. Code § 13.11(b) **[to the Legislative Reference**

2

**Bureau, or agreed upon alternate format, for publication in the Pennsylvania Bulletin]**.

**[(ii)](iii)** The effective date of the **local** rule shall not be less than 30 days after the date of publication of the **local** rule in the **[Pennsylvania Bulletin]** _**Pennsylvania Bulletin**_.

**[(5)](6)** Contemporaneously with publishing the **local** rule in the **[Pennsylvania Bulletin]** _**Pennsylvania Bulletin**_, the adopting court or agency shall **[file one certified copy of the rule with the Administrative Office of Pennsylvania Courts. The Administrative Office shall assign a serial number to the rule, and shall note on the rule the serial number and the date of filing. A copy of the rule shall be available for public inspection and copying immediately upon filing.]:**

> **(i)** **file one copy of the local rule with the Administrative Office;**
>
> **(ii)** **publish a copy of the local rule on the website of the court or county in which the adopting court has jurisdiction; and**
>
> **(iii)** **thereafter compile the local rule within the complete set of local rules no later than 30 days following publication in the** _**Pennsylvania Bulletin**_**.**

**[(6)](7)** **[The rules shall be kept continuously available for public inspection and copying in the office of the prothonotary or clerk of courts of the adopting court.]** **A compilation of local rules shall be kept continuously available for public inspection and copying in the respective filing office and on the website of the adopting court or county in which the adopting court has jurisdiction.** Upon request and payment of reasonable costs of reproduction and mailing, the **[prothonotary or clerk]** **respective court office** shall furnish **[to]** a**[ny]** person **with** a copy of any **local** rule.

**[(7)](8)** No pleading or other legal paper shall be refused for filing by the prothonotary or clerk of courts based on a requirement of a **local** rule **unrelated to the payment of filing fees**. No case shall be dismissed nor request for relief granted or denied because of failure to **initially** comply with a **local** rule. In any case of noncompliance with a **local** rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the **local** rule.

**[*This is an entirely new subdivision.*]**

(d)     Rules of procedure adopted by other courts of the System.

(1)     For the purpose of this subdivision, the term "local rule" shall include every rule, administrative order, regulation, directive, policy, custom, usage, form or order of general application, however labeled or promulgated, which is adopted by a court of common pleas, the Philadelphia Municipal Court-Criminal Division, and the Philadelphia Municipal Court-Traffic Division, to govern practice and procedure.  This subdivision shall also apply to any amendment of a local rule.

(2)     Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.  A Rules Committee, at any time, may recommend that the Supreme Court suspend, vacate, or require amendment of a local rule.

(3)     Local rules shall be given numbers that are either keyed to the number of the general rules to which the local rules correspond or assigned by the general rules.

(4)     All proposed local rules shall be submitted in writing to the appropriate Rules Committee for review.  The adopting court shall not proceed with the proposed local rule until it receives written notification from the appropriate Rules Committee that the proposed local rule is not inconsistent with any general rule of the Supreme Court.

(5)     All local rules shall be published in the *Pennsylvania Bulletin* to be effective and enforceable.

(i)     The adopting court shall not publish the local rule in the *Pennsylvania Bulletin* until it has received the written notification pursuant to subdivision (d)(4).

(ii)     The adopting court shall distribute two paper copies of the local rule to the Legislative Reference Bureau for publication in the *Pennsylvania Bulletin*.  The adopting court also shall distribute to the Legislative Reference Bureau a copy of the local rule on a computer diskette, CD-ROM, or other agreed upon alternate format that complies with the requirements of 1 Pa. Code §  13.11(b).

(iii)     The effective date of the local rule shall not be less than 30 days after the date of publication of the local rule in the *Pennsylvania Bulletin*.

(6)    Contemporaneously with publishing the local rule in the *Pennsylvania Bulletin*, the adopting court shall:

   (i)    file one copy of the local rule with the Administrative Office;

   (ii)    publish a copy of the local rule on the website of the court or county in which the adopting court has jurisdiction; and

   (iii)    incorporate the local rule in the complete set of local rules no later than 30 days following publication in the *Pennsylvania Bulletin*.

(7)    A compilation of local rules shall be kept continuously available for public inspection and copying in the respective filing office and on the website of the adopting court or county in which the adopting court has jurisdiction.  Upon request and payment of reasonable costs of reproduction and mailing, the respective court office shall furnish a person with a copy of any local rule.

(8)    No pleading or other legal paper shall be refused for filing based upon a requirement of a local rule.  No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule.  In any case of noncompliance with a local rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule.

Official Note:  **The purpose of subdivisions (c) and (d) is to further the policy of the Supreme Court to implement the Unified Judicial System under the Constitution of 1968 and to facilitate the statewide practice of law under the Court's general rules.  Local rules of judicial administration and local rules of procedure should not repeat general rules or statutory provisions verbatim or substantially verbatim nor should local rules make it difficult for attorneys to practice law in several counties.  The provisions of subdivision (d) apply to local rules of procedure, but not to case-specific orders.**

The caption or other words used as a label or designation shall not determine whether something is or establishes a rule; if the definition in **[paragraph] subdivisions** (c)(1) **or (d)(1) [of this rule]** is satisfied, the matter is a rule regardless of what it may be called.  **Local rules "adopted by a court of common pleas" in subdivision (d)(1) is intended to include those local rules of procedure for proceedings before a magisterial district judge.**

**[The provisions of this rule also are intended to apply to any amendments to a rule. Nothing in this rule is intended to apply to case-specific orders.**

**Pursuant to paragraph (c)(1), local rules of civil, domestic relations, criminal, and juvenile procedure are not included within the scope of this rule. The procedures for adopting, filing, and publishing local rules of criminal, juvenile, domestic relations and civil procedure are governed by Rule of Criminal Procedure 105, Rules of Juvenile Court Procedure 121 and 1121, and Rules of Civil Procedure 239, 239.8 and 239.9.]**

To simplify the use of rules, **[paragraph (c)(3) requires]** <u>local</u> rules <u>are</u> to be given numbers that are keyed to the number of the general rules to which the rules correspond <u>**unless numbers are specifically assigned.**</u> *<u>See, e.g.</u>*<u>**, Pa.R.C.P. No. 239.1-239.7**</u>. This requirement is not intended to apply to <u>local</u> rules that govern general business of the court or agency and which do not correspond to a statewide rule.

**[To further facilitate the statewide practice of law and accessibility by the public, the adopting court or agency should post and update its rules on its website.]**

<u>**Subdivision (d)(4) requires that, before publishing a local rule of procedure or proceeding with any of the other requirements, the adopting court must submit all proposed local rules of procedure to the appropriate Rules Committee. For administrative convenience, proposed local rules of procedure may be sent to one email address (rulescommittees@pacourts.us) where the proposal will be distributed to the appropriate Rules Committee. Subdivision (d)(4) emphasizes that the adopting court must comply with all the provisions of this subdivision before any local rule will be effective and enforceable.**</u>

**[Paragraph (c)(4) requires the rule to be]** <u>**To be effective, all local rules shall be**</u> published in the **[Pennsylvania Bulletin]** *<u>Pennsylvania Bulletin</u>* **[to be effective]**. Pursuant to 1 Pa. Code § 13.11(b)—(f), any documents that are submitted for publication must be accompanied by a diskette or CD-ROM formatted in MS-DOS, ASCII, Microsoft Word, or WordPerfect. The diskette or CD-ROM must be labeled with the court's or agency's name and address and the rule's computer file name. Section 13.11(e) provides that documents may be accepted in an alternate format if it is requested by the court or agency and agreed upon by the Legislative Reference Bureau.

Although **[under paragraph (c)(4)(ii)]** a <u>local</u> rule shall not be effective until at least 30 days after the date of publication in the **[Pennsylvania Bulletin]** *<u>Pennsylvania Bulletin</u>*, when a situation arises that requires immediate action, the court or agency

may act by specific orders governing particular matters in the interim before an applicable **local** rule becomes effective.

**[Paragraph (c)(5) requires o]O**ne copy of the **local** rule **must also [to]** be filed with the Administrative Office.  When rules are forwarded to the Administrative Office, the adopting court or agency should indicate whether the rules have been distributed to the Legislative Reference Bureau for publication in the **[Pennsylvania Bulletin and, if appropriate, submitted to the Criminal, Juvenile, Domestic Relations or Civil Procedural Rules Committees pursuant to their respective rules]** *Pennsylvania Bulletin*.  **For administrative convenience, local rules of procedure and judicial administration may be sent to adminrules@pacourts.us for filing.**

**New or amended local rules shall be timely compiled into the set of local rules to further facilitate the statewide practice of law, increase accessibility by the public, and maintain the currency of the requirement set forth in subdivisions (c)(7) and (d)(7).**

**Subdivisions (c)(7) and (d)(7) require that a separate consolidated set of local rules be maintained in the filing office, which may be the prothonotary, clerk of courts, clerk of orphans' court, or domestic relations section depending on the type of proceeding, and on the website of the adopting court or the county in which the adopting court has jurisdiction.  It is intended that a complete and up-to-date set of local rules will be maintained on the website of the adopting court or the county in which the adopting court has jurisdiction.**

**[The Administrative Office of the Pennsylvania Courts maintains a website containing local court rules at: http://www.pacourts.us/courts/supreme-court/committees/rules-committees/local-rules-for-common-pleas-and-magisterial-district-courts/**

**The Administrative Office of the Pennsylvania Courts also maintains a website containing all local criminal rules adopted or amended after February 1, 2009, local juvenile rules, and local civil rules adopted pursuant to Pa.R.C.P. 239.8 and 239.9 at: http://ujsportal.pacourts.us/localrules/ruleselection.aspx]**

**The Administrative Office maintains a web page linking to the websites of the courts of common pleas.  That web page is located at http://www.pacourts.us/courts/courts-of-common-pleas/individual-county-courts.**

**Under subdivision (c)(8) a filing may be rejected if it is not accompanied by the necessary filing fee unless a fee waiver request is pending or granted.  *See, e.g.*, Pa.R.C.P. No. 240.**

**Rule 1952.  EMERGENCY ACTIONS, DUTIES AND AUTHORITIES**

\*\*\*

(B)  Role of the President Judge

\*\*\*

(5)  During an emergency, the provisions of any statewide procedural rules that require submission of local rules, including administrative orders, to the Supreme Court, the Administrative Office of Pennsylvania Courts, a statewide procedural rules committee, or the Legislative Reference Bureau for publication in the Pennsylvania Bulletin, shall not apply to any local rules or administrative orders issued in response to the emergency.  The president judge of the affected judicial district shall inform the Supreme Court of any local rule or administrative order issued under this paragraph as soon as practicable.

> *Note:  See **[Pa.R.C.P. No. 239, Pa.R.Crim.P. 105, and Pa.R.J.C.P. 121]** **Pa.R.J.A. No. 103(c) and (d)** for local rule adoption procedures.*

\*\*\*